J-S95038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| AMIR SLIGHT, | : | |
| Appellant | : | No. 2634 EDA 2015 |

Appeal from the Judgment of Sentence March 19, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0014978-2013

BEFORE: STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 14, 2017**

Amir Slight ("Slight") appeals from the judgment of sentence imposed following his conviction of possession with intent to deliver a controlled substance ("PWID"). **See** 35 P.S. § 780-113(a)(30). We affirm.

On August 1, 2013, Officer James O'Neill ("Officer O'Neill"), a member of the South Gang Task Force, was patrolling in a marked vehicle with two additional officers when he observed a silver Subaru Outback with heavily tinted windows driving on the 1400 block of South 26th Street in Philadelphia. Believing that the vehicle was being driven in violation of 75 Pa.C.S.A. § 4524(e)(1),[1] the officers activated their emergency lights and stopped the vehicle.

---

[1] Section 4524(e)(1) of the Motor Vehicle Code provides that "[n]o person shall drive any motor vehicle with any sun screening device or other material which does not permit a person to see or view the inside of the vehicle through the windshield, side wing or side window of the vehicle." 75 Pa.C.S.A. § 4524(e)(1).

Officer O'Neill searched the vehicle's tag information and determined that the vehicle belonged to Isa Perry ("Perry"), whom Officer O'Neill recognized as a member of the M-16 Gang based on his personal experiences with the South Gang Task Force. Officer O'Neill approached the driver's side of the vehicle and, using his flashlight, he observed both Perry and Slight moving around inside the vehicle. Officer O'Neill also recognized Slight as a member of the M-16 Gang based on his personal experience.

Perry rolled down his car window about four inches after receiving multiple instructions from Officer O'Neill to do so. Officer O'Neill observed Perry pushing small containers filled with a "green weed substance," consistent with marijuana, between his seat and the vehicle's center console. Officer O'Neill asked Perry to exit the vehicle and placed him under arrest. At that time, Officer O'Neill observed Slight move his hands to his waistband, where he noticed a large bulge. The officers instructed Slight to exit the vehicle, and Officer O'Neill conducted a **Terry**[2] frisk, during which he "felt packaging consistent with narcotics." Officer O'Neill subsequently removed the packaging, and discovered 15 heat-sealed plastic bags containing crack cocaine, as well as 14 bags containing heroin and 10 oxycodone pills. Slight was arrested, and the officers subsequently recovered $217.00 in cash and a cell phone from Slight.

---

[2] **Terry v. Ohio**, 392 U.S. 1 (1968).

Slight was charged with PWID and possession of a controlled substance. Slight filed an omnibus Pretrial Motion, which included, *inter alia*, a Motion to suppress physical evidence seized at the time of his arrest, on the basis that the evidence was the result of an illegal search. The suppression court conducted an evidentiary hearing, after which it denied Slight's Motion to suppress.

Following a jury trial, Slight was convicted of PWID.[3] On March 19, 2015, the trial court sentenced Slight to a term of 1 year, 4 months to 3 years in prison. Slight filed a post-sentence Motion on March 30, 2015, which was denied by operation of law. **See** Pa.R.Crim.P. 720(B)(3).

Slight filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Slight raises the following question for our review:

> [Whether] the trial court erred when it denied [Slight's] Motion to suppress physical evidence[,] as[] the Philadelphia Police did not have reasonable suspicion to justify a **Terry** stop and subsequently conduct a frisk or weapons pat-down of [] Slight and[,] as a result[,] unlawfully seize from [] Slight's person, physical evidence, specifically cocaine, heroin, oxycodone pills, $217.00 in United States currency and a cell phone[?]

Brief for Appellant at 2.

> In reviewing the denial of a motion to suppress, our responsibility is to determine whether the record supports the suppression court's factual findings and legitimacy of the inferences and legal conclusions drawn from those findings. If the suppression court held for the prosecution, we consider only the evidence of the prosecution's witnesses and so much of the

_____
[3] Slight's possession of a controlled substance charge was *nolle prossed*.

evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse if there is an error in the legal conclusions drawn from those factual findings.

*Commonwealth v. Arnold*, 932 A.2d 143, 145 (Pa. Super. 2007) (citation omitted).

Slight argues that the trial court erred in denying his Motion to suppress physical evidence (narcotics, cash and a cell phone) because the search was not supported by reasonable suspicion.[4] Brief for Appellant at 12. Slight contends that he was frisked based on an "unparticularized suspicion" or "hunch," and that "Officer O'Neill substituted [] Slight's (and [] Perry's) connection to the M-16 Gang for legitimate reasonable suspicion." *Id.* at 16-17. Slight also asserts that Officer O'Neill did not adequately articulate why he believed Slight was armed. *Id.* at 17.

The Motor Vehicle Code provides that "[w]henever a police officer … has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle … to secure such [] information as the officer may reasonably believe to be necessary to enforce the provisions of this title." 75 Pa.C.S.A. § 6308(b). Further,

[w]hen a police officer lawfully stops a motorist for a violation of the Pennsylvania Motor Vehicle Code, the officer is permitted to ask the driver to step out of the vehicle as a matter of right. During this investigatory stop, the officer can pat-down the driver when the officer believes, based on specific and articulable

---

[4] Slight does not dispute that the initial stop of the vehicle driven by Perry was lawful.

- 4 -

facts, that the individual is armed and dangerous. Such pat-downs, which are permissible without a warrant and on the basis of reasonable suspicion less than probable cause, must always be strictly limited to that which is necessary for the discovery of weapons that might present a danger to the officer or those nearby. When assessing the validity of a pat-down, we examine the totality of the circumstances[,] giving due consideration to the reasonable inferences that the officer can draw from the facts in light of his experience, while disregarding any unparticularized suspicion or hunch.

*Commonwealth v. Parker*, 957 A.2d 311, 314-15 (Pa. Super. 2008) (internal citations, quotation marks, ellipses and emphasis omitted). Moreover, "the principles of *Terry* apply to all occupants of the stopped vehicle, not just the driver." *Commonwealth v. Simmons*, 17 A.3d 399, 403 (Pa. Super. 2011).

Under the plain feel doctrine, "a police officer may seize non-threatening contraband detected through the officer's sense of touch during a *Terry* frisk if the officer is lawfully in a position to detect the presence of contraband, the incriminating nature of the contraband is immediately apparent from its tactile impression and the officer has a lawful right of access to the object." *Commonwealth v. Wilson*, 927 A.2d 279, 287 (Pa. Super. 2007). "The contraband is immediately apparent when the officer readily perceives, without further exploration or searching, that what he is feeling is contraband." *Parker*, 957 A.2d at 315 (citation and quotation marks omitted).

The trial court considered Slight's claim, and concluded that, based on the totality of the circumstances, the *Terry* frisk was supported by

reasonable suspicion. *See* Trial Court Opinion, 12/23/15, at 5. The trial court also concluded that the seizure of narcotics from Slight's waistband was appropriate under the plain feel doctrine because the nature of the contraband would be immediately apparent to Officer O'Neill, based on his experience with approximately 800 narcotics arrests. *See id.* at 5-6.

Our review discloses that at the suppression hearing, Officer O'Neill testified that on August 1, 2013, he observed a silver Subaru Outback with "extremely dark-tinted windows" driving on the 1400 block of South 26th Street at approximately 9:00 p.m. *See* N.T. (Suppression), 6/16/14, at 8, 15; *see also id.* at 11-14 (wherein Officer O'Neill described the area of the 1400 block of South 26th Street and the surrounding blocks as "very violent," and having a significant amount of gang-related violence and narcotics arrests). Officer O'Neill stated that he checked the vehicle's tag information and determined that the vehicle belonged to Perry, whom he recognized as a member of the M-16 Gang, which is "known for high gun violence." *See id.* at 10, 15-16. Officer O'Neill testified that he could not see into the vehicle because the windows were darkly tinted "all the way around, including the front window," but that, using his flashlight, he observed Perry and Slight moving inside the vehicle. *See id.* at 15, 18-19, 20, 30. Officer O'Neill also testified that Perry and Slight ignored several requests to roll down the car windows. *See id.* at 20, 31. Officer O'Neill stated that, based on his personal knowledge and experience, he also recognized Slight as a member

of the M-16 Gang. *See id.* at 17; *see also id.* at 18 (wherein Officer O'Neill testified that he was aware that Slight was arrested for "at least one other shooting in the past"). Officer O'Neill also testified that he observed Perry pushing small containers filled with a "green weed substance" into the space between his leg and the vehicle's center console, at which time Officer O'Neill instructed Perry to exit the vehicle. *See id.* at 21-22.

Further, Officer O'Neill testified that he observed Slight move his hands toward his waistband, where Officer O'Neill noticed a large bulge. *See id.* at 22-23. Officer O'Neill testified that he became concerned for his safety, and instructed Slight to exit the vehicle so he could conduct a *Terry* frisk. *See id.* Officer O'Neill stated that when he frisked Slight's waistband area, he felt a hard substance and a "hard little line" consistent with a heat seal on a plastic bag. *See id.* at 24-25. Based on his experience, Officer O'Neill believed that Slight was concealing cocaine in his waistband, and his subsequent search revealed 15 small heat-sealed bags containing cocaine, 14 bags containing heroin and 10 oxycodone pills. *See id.* at 25-27.

Upon review, we conclude that the evidence of record supports the trial court's factual findings. *See Arnold*, 932 A.2d at 145. Initially, Officer O'Neill conducted a valid traffic stop, based on his belief that the vehicle's windows were illegally tinted, in violation of 75 Pa.C.S.A. § 4524(e)(1). During his interaction with Perry, Officer O'Neill also observed Slight move his hands to his waistband area, where there was a large bulge.

Additionally, Officer O'Neill had personal knowledge regarding Slight's affiliation with the M-16 Gang, and he was familiar with Slight's prior gun violence. Therefore, we discern no legal error in the trial court's conclusion that, based upon the totality of the circumstances, Officer O'Neill could reasonably suspect that Slight was armed. **See Wilson**, 927 A.2d at 284-85 (concluding that defendant's "suspicious gestures and movements, in conjunction with the fact that he placed his hands inside his coat pocket as if he were reaching for something, could lead [the officer] to reasonably conclude that his safety was in jeopardy."); **see also Commonwealth v. Mack**, 953 A.2d 587, 591 (Pa. Super. 2008) (concluding that the **Terry** frisk was supported by reasonable suspicion where, in conjunction with other factors, the officer observed defendant "reaching in the waistband area of his pants"); **see generally Commonwealth v. Reed**, 19 A.3d 1163, 1170 (Pa. Super. 2011) (concluding that investigatory detention following traffic stop was supported by reasonable suspicion where, *inter alia*, the arresting officer had determined that the defendant had two prior felony convictions for armed robbery). Accordingly, Slight is not entitled to relief on his claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2017